IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:07-CV-512-MEF |
| | ) [WO] |
| | ) |
| SIDNEY WILLIAM, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Robert Taylor ["Taylor"], a state inmate, on June 5, 2007.[1] In this complaint, Taylor asserts that the defendants violated his constitutional rights when they denied him parole in March of 2004, March of 2005 and March of 2006. Specifically, Taylor complains that on each of the aforementioned occasions the defendants denied him parole due to his race.[2] Taylor names Sidney William, Robert Longshore and Cynthia Dillard, either former or

---

[1] Although the Clerk of this court stamped the complaint "filed" on June 11, 2007, it is clear that Taylor presented the complaint to prison officials for mailing prior to this date. A review of the pleadings indicates that Taylor executed the complaint on June 5, 2007. *Plaintiff's Complaint - Court Doc. No. 1* at 4. The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Taylor] signed it ...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers June 5, 2007 as the date of filing.

[2] Taylor identifies himself as an African-American. *Plaintiff's Complaint - Court Doc. No. 1* at 3.

current members of the Alabama Board of Pardons and Paroles, as defendants in this cause of action. Taylor seeks a parole consideration "that is not ... based upon race and to show causes for granting and denying parole." *Plaintiff's Complaint - Court Doc. No. 1* at 4.

Upon review of the allegations contained in the complaint, the court concludes that the plaintiff's claims arising from denials of parole which occurred in March of 2004 and March of 2005 are due to be dismissed prior to service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[3]

## DISCUSSION

### The 2004 and 2005 Denials of Parole

The plaintiff challenges decisions to deny him parole rendered in March of 2004 and March of 2005. All claims related to the aforementioned parole decisions entitle Taylor to no relief from this court as it is clear from the face of the complaint that these claims are barred by the statute of limitations.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985). Selection of a limitations period for § 1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70

---

[3]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

(Ala. 1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994). At the time Taylor filed the instant complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l).

Two of the alleged unconstitutional denials of parole about which Taylor complains transpired in March of 2004 and March of 2005. On May 17, 1996, the Alabama legislature rescinded that portion of the tolling provision which previously applied to convicted prisoners. *See Ala. Code* § 6-2-8(a) (1975, as amended). The tolling provision of *Ala. Code* § 6-2-8(a) is therefore unavailing. Consequently, the applicable statute of limitations expired on the claims arising from the 2004 and 2005 denials of parole in March of 2006 and March of 2007. Taylor filed the instant complaint on June 5, 2007. This filing occurred ***after*** the applicable limitations period had lapsed on those claims related to the denials of parole in March of 2004 and March of 2005.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under

3

section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Taylor has no legal basis on which to proceed with respect to claims arising from the 2004 and 2005 denials of parole as he filed this cause of action more than two (2) years after such alleged

4

violations accrued. As previously determined, the statutory tolling provision provides no basis for relief. In light of the foregoing, the court concludes that Taylor's challenges to the March of 2004 and March of 2005 denials of parole are barred by the applicable statute of limitations and these claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).[4]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims challenging the March of 2004 and March of 2005 parole decisions be dismissed with prejudice prior to service of process pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitations.

2. The plaintiff's challenge to the decision to deny parole issued in March of 2006 and his request for a new parole consideration hearing be referred back to the undersigned for additional proceedings.

It is further

ORDERED that on or before June 25, 2007 the parties may file objections to the

---

[4] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of June, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE