IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**RONALD TAYLOR, AIS# 130155**
    **Plaintiff,**

        Vs.                          Case #2:07-CV-512-MEF

**SIDNEY WILLIAMS, et al.,**
    **Defendants**

**SPECIAL REPORT
OF
Defendants**

Comes now Sidney Williams, Robert Longshore, and Cynthia Dillard (former Chairman, Board member, and Executive Director, respectively) of the Alabama Board of Pardons and Paroles, and shows unto the Court as follows:

**The Complaint**

The Complaint avers that Williams, Longshore, and Dillard acted under color of State law to deny Plaintiff's parole based on his race, in violation of the Constitution of the United States. Plaintiff also makes reference to due process violations and equal protection violations. It appears Plaintiff wants the

1

Court to study the Alabama Board of Pardons and Paroles practices concerning granting and denying parole to see if they are being discriminatory.

Plaintiff seeks an order from this Court directing the Alabama Board of Pardons and Parole to create and comply with new guidelines that are not discriminatory based on race and to state reasons for the granting and denying paroles.

### Exhibits

| | |
|---|---|
| Exhibit A | Board Action sheet dated 3-28-06 |
| Exhibit B | Robert Longshore affidavit |
| Exhibit C | Board Action sheet dated 3-30-05 |
| Exhibit D | Board Action sheet dated 3-24-04 |

### Defendant's Position

Williams, Longshore, and Dillard deny all allegation and demand strict proof thereof.

In fact, Sidney Williams, thought a Board member, did not participate nor sit on the panel that denied Plaintiff's parole. This fact is evidenced by the Board's Action sheet denying parole *(Exhibit A)*. There is no case or controversy between Williams and the

Plaintiff. The Plaintiff fails to state a claim against Sidney Williams upon which relief may be granted.

Cynthia Dillard, the Board's Executive Director, is without authority to sit on a Board panel or to vote on which inmates are granted or denied parole. Dillard did not participate in the decision to grant or deny Plaintiff's parole. This fact is evidenced by the Board's Action sheet denying parole. Therefore, no case or controversy exists between Dillard and the Plaintiff. Plaintiff has failed to state a claim against Cynthia Dillard upon which relief may be granted.

Robert Longshore denies that his decision to vote to deny Taylor's parole was based on race or any other protected classification *(Exhibit B)*. Board members are not required to state their reasons for denying parole (*Ala. Bd. of Pardons and Paroles v. Tedder, 677 So.2d 1261 (Ala.Crim.App. 1996)*.

***Statute of Limitations***

In his complaint, Taylor states the Board denied his parole in March 2004, March 2005, and March 2006. The March 2004 and 2005 denials were made "moot" by the

3

March 2006 parole consideration. I should be noted that the named defendants in this action did not participate in the decision to deny Taylor's parole in the 2005 or 2004 decision *(Exhibit C and D)*.

Furthermore, Taylor's challenge to the March 2004 and March 2005 decisions to deny parole are barred by the statute of limitation. A federal §1983 claim is governed by the forum state's residual personal injury statute of limitations. *Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir.1999), citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 254 (1989); Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); Lesley v. David, 205 WL 3536276 (N.D.Fla. 205)*. The statute of limitations for a 42 U.S.C. §1983 claim involving personal injury in the State of Alabama is two years.

The Alabama's two year statute of limitation bars Taylor's challenge to the March 2004 and March 2005 denial of his parole – Taylor's current action was filed on June 11, 2007.

*Due Process*

The procedural due process claims are frivolous. It is well settled that Alabama's parole statutes do not create a liberty interest protected by due process, *Thomas vs. Sellers, 691 F.2d 487 (11th Cir. 1982); Thompson vs. Ala. Bd. Of Pardons & Paroles, 806 So.2d 374 (Ala. 2001.)* Since these statutes did not create a liberty interest, the plaintiff's desire to be paroled was not protected by due process, *O'Kelley vs. Snow, 53 F.3d 319 (11th Cir. 1995); Slocum v. Georgia State Board of Pardons and Paroles, 678 F.2d 940, 942 (11th Cir.1982).* The procedural due process averments fail to state a claim upon which relief may be granted.

Plaintiff fails to recognize the significance of the distinction between discretionary and presumptive parole systems. Statutes similar to the one at issue in *Christopher v. U.S. Board of Parole, 589 F.2d 924 (7th Cir.1978)*, presume that the State "shall" grant parole at a specified time, unless the State proffers a sound reason for denying parole. Since such a statute creates a protected liberty interest, due process requires the

State to explain the decision to the prisoner and allow him some opportunity to respond.

Since both the Alabama Supreme Court and the U.S. Court of Appeals for the Eleventh Circuit have held that Alabama's parole statutes *do not* create a liberty interest, due process does not require the State to explain why parole is withheld or allow the prisoner to rebut information received by the Board. The U.S. Supreme Court has held that States are free to choose whether to create parole systems, and if they choose to create a parole system, they are also free to choose whether to establish a discretionary system or a presumptive system, *Greenholtz vs. Inmates of Nebraska, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979).*

Again, Alabama statutes do not create a liberty interest in being parole that is protected by the due process clause. Plaintiff has failed to state a claim upon which relief may be granted against all Defendants.

*Equal Protection*

Plaintiff claims he has been denied equal protection of the law by not being parole and the basis for the unequal treatment is race based.

In order to establish a claim cognizable under the Equal Protection Clause, a prisoner must demonstrate the (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Damiano v. Florida Parole and Probation Commission*, 785 F.2d 929, 932-33 (11th Cir. 1986). *Jones v. Ray*, 279 f.3d 944, 946-947 (11th Cir. 2001). Furthermore, to succeed on an equal protection challenge, the Plaintiff must also demonstrate the existence of discriminatory intent; arbitrary application of department rules without discriminatory intent is insufficient to demonstrate a violation of the Equal Protection Clause. *Joes v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E&T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987). Evidence which merely indicates disparity of treatment

is insufficient to show discriminatory intent. *McKleskey v. Kemp, 481 U.S. 279 (1987).*

Plaintiff makes only a conclusory allegation, which fails to state a claim upon which relief may be granted against all Defendants.

## Conclusion

Sidney Williams is due to be dismissed from this action for failure to state a claim. Thought a Board member, Williams did not sit on the panel and did not vote to deny Plaintiff's parole on 3-28-06. Nor did he participate in the 2004 or 2005 decisions. Since Williams did not participate in the decision to deny Plaintiff's parole there is no case or controversy between Williams and Plaintiff. The Board's Action sheet denying parole evidences that Williams did not participate in the paroling decision. (See *Exhibit A*).

Cynthia Dillard is due to be dismissed from this action for failure to state a claim. Dillard is the Board's Executive Director, not a Board member. She has no authority to sit on Board panels, nor consider whether to grant or deny paroles. Dillard did not participate in the decision to deny Plaintiff's parole,

therefore no case or controversy exists between her and Plaintiff. The Board's Action sheet denying parole evidences that Dillard did not participate in the paroling decision. (See *Exhibit A*).

Robert Longshore did participate in the decision to deny Plaintiff's parole in 2006. However, he did not base his decision on race or any other protected classification *(see Exhibit B)*. Board members are not required to state their reasons for voting to deny parole.

Plaintiff's 2004 and 2005 denials of parole are barred by Alabama's two year statute of limitations in bringing such actions.

Alabama paroling statutes are discretionary and inmates have no liberty interest in being paroled, as discussed herein.

Alabama's paroling statutes are discretionary in nature and have been upheld as not establishing a liberty interest in being parole, nor creating an entitlement to due process protections.

Plaintiff has failed to establish that he is similarly situated with others that have received more

9

favorable treatment, or that any discrimination exist, either actual, apparent, or by effect, and failed to establish any discriminatory intent.

Plaintiff's conclusory allegations are insufficient, as a matter of law, to state equal protection claims upon which relief may be granted.

Respectfully submitted,

TROY KING.
ATTORNEY GENERAL
KIN047


GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL
GRI026

s/STEVE SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#:  ASB-5949-S61S
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
steve.sirmon@paroles.alabama.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: (None), and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants, individually:

**ROBERT TAYLOR, AIS# 130155
FOUNTAIN CORRECTIONAL FACILITY
FOUNTAIN 3800
ATMORE, ALABAMA 36503-3800**

Done this 13th day of August, 2007.

Respectfully submitted,

s/STEVE SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#:  ASB-5949-S61S
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
steve.sirmon@paroles.alabama.gov

STATE BOARD OF PARDONS AND PAROLES
MONTGOMERY, ALABAMA

ACTION BY THE BOARD

NAME TAYLOR ROBERT          AIS# 130155                    DOCKET 03/2006
                                                           1/3    08/10/2007

PAROLE IS THIS DAY ORDERED _____ BY: _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF) _____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER _____

MEMBER _____ DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF) _____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER _____

MEMBER _____ DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF) _____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER _____

MEMBER _____ DATE _____

SPECIAL CONDITIONS _____

CONTINUED TO _____

PAROLE IS THIS DAY DENIED  3-28-06    BY: _____
DATE                       MEMBER                          RESET
3-28-06                    [signature] Weatherly            3/08
3-28-06                    [signature]                      3/08
3/23/06                    [signature]                      3/08
REMARKS


EXHIBIT A

STATE OF ALABAMA        )
                        )
MONTGOMERY COUNTY       )

## AFFIDAVIT

BEFORE ME, the undersigned authority for said County and State, personally appeared **Robert P. Longshore,** who is known to me, and after being duly sworn, deposed and said as follows:

My name is **Robert P. Longshore** and I am currently an associate member of the Alabama Board of Pardons and Paroles. I have reviewed the Board's decision pertaining to the inmate named Robert Taylor, AIS # 130155 and submit the following:

" I have reviewed my decision in voting to deny Mr. Taylor's parole on 3-28-2006. I have also reviewed the complaint he has made against me and deny all his allegations. I did not, nor have I ever made paroling decision based on race or any other protected classification. My decisions to grant or deny parole are based on the information before me and my opinion of the probability of success if released on parole and that any release will not be detrimental to the welfare society, as proscribed in *Ala. Code §15-22-26.*"

_____
ROBERT P. LONGSHORE
ASSOCIATE MEMBER

SWORN TO AND SUBSCRIBED before me this 13th day of August 2007.

_____
NOTARY PUBLIC
Commission Expires: 4-6-10

EXHIBIT B

STATE BOARD OF PARDONS AND PAROLE
MONTGOMERY, ALABAMA

ACTION BY THE BOARD

NAME TAYLOR ROBERT     AIS# 130155     DOCKET 03/2005
                                                                                            1/3    ~~08/10/2007~~   1/16/2012 AD

PAROLE IS THIS DAY ORDERED _____ BY:

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)_____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)_____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)_____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

SPECIAL CONDITIONS _____
_____

CONTINUED TO _____
_____

PAROLE IS THIS DAY DENIED  3-30-05 _____ BY:
DATE                MEMBER                                    RESET
3-30-05       [signature]                             3-06
3-30-05       [signature]                             3-06

REMARKS _____
_____

EXHIBIT C

STATE BOARD OF PARDONS AND PAROLES
MONTGOMERY, ALABAMA

ACTION BY THE BOARD

NAME TAYLOR ROBERT    AIS# 130155    DOCKET 03/2004
1/3    8-10-2007

PAROLE IS THIS DAY ORDERED _____ BY:

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)_____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
      IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
      LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
      IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)_____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
      IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
      LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
      IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)_____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
      IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
      LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
      IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

SPECIAL CONDITIONS _____
_____
_____

CONTINUED TO _____

PAROLE IS THIS DAY DENIED  3-24-04    BY:
DATE              MEMBER                              RESET
3-24-04           [signature]                         3-05

3/24/04           Steve McGraw                        3/05
REMARKS


EXHIBIT
D