IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT TAYLOR, ) | |
| AIS #130155, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07-CV-512-MEF |
| ) | [WO] |
| ) | |
| SIDNEY WILLIAMS, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Robert Taylor ["Taylor"], a state inmate, complains that the defendants violated his constitutional rights when they failed to properly consider him for parole and denied him release on parole.[1] Specifically, Taylor contends that the parole consideration process violated his right to due process and the defendants acted in a racially discriminatory manner when denying him parole. Taylor names Sidney Williams and Robert Longshore, members of the Alabama Board of Pardons and Paroles, and Cynthia Dillard, executive director of the Alabama Board of Pardons and Paroles, as defendants in this cause of action. Taylor requests declaratory and injunctive relief addressing the manner in which the parole consideration process is conducted. The defendants filed a special report and supporting evidentiary materials addressing Taylor's

---

[1] The claims currently pending before this court relate to the denial of parole which occurred in March of 2006.

claims for relief. Pursuant to the orders entered herein, the court deems it appropriate to treat the defendants' report as a motion for summary judgment. *Order of August 14, 2007 - Court Doc. No. 15*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of such motion and the evidentiary materials filed in support thereof, the court concludes that the defendants' motion for summary judgment is due to be granted.

## I. STANDARD OF REVIEW

To survive the defendants' properly supported motion for summary judgment, Taylor is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). A plaintiff's conclusory allegations of a constitutional violation similarly do not

provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). Thus, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

To demonstrate a genuine issue of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Consequently, where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine issue as to

requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (to establish a genuine issue of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party, and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, Taylor has failed to demonstrate that a genuine issue of material fact exists as is necessary to preclude summary judgment. *Matsushita*, *supra*.

## II. DISCUSSION

### A. Due Process

Taylor asserts that the parole consideration process deprived him of due process as guaranteed by the Fourteenth Amendment. *Plaintiff's Complaint - Court Doc. No. 1* at 3. This claim entitles Taylor to no relief.

"The Alabama [parole] statute ... calls for discretionary rather than mandatory action on the part of the board. The law directs the board to consider a number of factors in making their determination, which is a subjective rather than objective determination. It does not contain any language that mandates parole.... When the statute is framed in discretionary terms there is not a liberty interest created." *Thomas v. Sellers*, 691 F.2d 487,

489 (11th Cir. 1982). This court's exhaustive review of the history of the Alabama parole statute establishes that from its inception the statute has been framed in discretionary terms. The law is well settled that "[t]he mere possibility of parole provides simply 'a hope that is not protected by due process….' *Greenholtz,* 442 U.S. at 11, 12, 96 S.Ct. at 2105, 2106 (1979)…. [Moreover], the Alabama parole statute frames the Parole Board's authority in discretionary terms, and thus does not create for Alabama prisoners a protected liberty interest in the expectation of parole. *See Thomas v. Sellers,* 691 F.2d 487 (11th Cir. 1983)." *Ellard v. Alabama Bd. of Pardons and Paroles*, 824 F.2d 937, 942 (11th Cir. 1987).

> Unless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness. *See Brown v. Lundgren*, 528 F.2d 1050 (5th Cir.), *cert. denied*, 429 U.S. 917, 97 S.Ct. 308, 50 L.Ed.2d 283 (1976). In *Staton v. Wainwright*, 665 F.2d 686 (5th Cir. 1982) (former Fifth Circuit decision), the court concluded that no liberty interest in parole was created by the Florida statutes. The court, therefore, rejected appellant's claim that his due process rights were violated when he did not receive an initial parole interview within the time required under the parole laws. The analysis in *Staton* was adopted by the Eleventh Circuit in *Hunter v. Florida Parole and Probation Commission*, 674 F.2d 847 (11th Cir. 1982), where the court held that no due process violation could be shown through an allegation that the Florida Parole and Probation Commission improperly calculated a prisoner's "presumptive parole release date."

*Slocum v. Georgia State Board of Pardons and Paroles*, 678 F.2d 940, 942 (11th Cir. 1982). Taylor does not possess a liberty interest in being granted parole that is protected by the Due Process Clause. *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir. 1991); *Ellard*, 824 F.2d at 941-942; *Thomas*, 691 F.2d at 488-489. Thus, the procedural due process

protections of the Fourteenth Amendment do not apply to either the parole decision making process, *Thomas*, *supra*, or the parole consideration process. *Slocum*, 678 F.2d at 942 (failure to provide parole review within time required under parole laws or properly calculate presumptive date of release on parole does not constitute a violation of due process).

Federal courts no longer ascertain whether a state created a constitutionally protected liberty interest by parsing language of statutes and regulations to determine if the language was "of an unmistakably mandatory character" placing "substantive limitations on official discretion" but must instead look to the nature of the deprivation to determine if a state created a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). As previously noted, an Alabama inmate has no liberty interest in parole protected by the Due Process Clause of the Fourteenth Amendment. Although "States may under certain circumstances create liberty interests which are protected by the Due Process Clause[,] ... these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. "Since an inmate is normally incarcerated in prison, [the plaintiff's remaining in prison while awaiting parole consideration] did not impose atypical and significant hardship on him in relation to the ordinary incidents of prison life and, therefore, did not deprive him of a protected liberty

interest." *Asquith v. Department of Corrections*, 186 F.3d 407, 412 (3rd Cir. 1999).

Nevertheless, even though there is no liberty interest involved, a parole board may not engage in "flagrant or unauthorized action." *Thomas*, 691 F.2d at 489. The defendants maintain they acted in accordance with state and federal law during the parole consideration process in an effort to determine Taylor's suitability for release on parole. These efforts demonstrate reasonable and appropriate actions, *Hendking v. Smith*, 781 F.2d 850, 853 (11th Cir. 1986), rationally related to the legitimate state interest of ensuring that only those inmates best suited for parole are actually granted this privilege. *Cf. Conlogue v. Shinbaum*, 949 F.2d 378 (11th Cir. 1991); *see also Thornton v. Hunt*, 852 F.2d 526 (11th Cir. 1988). Taylor has failed to present any evidence indicating arbitrary or capricious action on the part of the defendants. Consequently, the motion for summary judgment with respect to Taylor's due process claim should be granted in favor the defendants.

### B. Equal Protection

Taylor makes the conclusory allegation that the defendants denied him parole "based upon [his] race of being African American, which has been a discriminatory factor when compared with white race" inmates considered for parole. *Plaintiff's Complaint - Court Doc. No. 1* at 3. In support of this allegation, Taylor maintains "the court should view all past records of parolees denied and granted, compare the cases, years sentenced and determine whether" parole board members based their decision on race. *Id.* The defendants adamantly deny they acted in violation of Taylor's equal protection rights;

instead, the defendants assert that every action undertaken in the parole consideration process occurred due to their efforts to ensure the welfare of society by granting parole only to those inmates they believed would succeed on parole and maintain that Taylor's race did not impact any decision or action. *Defendants' August 13, 2007 Special Report - Exhibit B (Court Doc. No. 14-2) -- Affidavit of Robert P. Longshore* ("I did not, nor have I ever made [a] paroling decision based on race or any other protected classification. My decisions to grant or deny parole are based on the information before me and my opinion of the probability of success if released on parole and that any release will not be detrimental to the welfare of society, as proscribed [by state law].").

In order to present a claim cognizable under the Equal Protection Clause, "a prisoner must demonstrate that (1) 'he is similarly situated with other prisoners who received' more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. *Damiano v. Fla. Parole & Prob. Comm'n*, 785 F.2d 929, 932-33 (11th Cir.1986) (per curiam)." *Jones v. Ray*, 279 F.3d 944, 946-947 (11th Cir. 2001). Moreover, to establish an equal protection violation, a plaintiff must demonstrate the existence of intentional or purposeful discrimination. *Whitus v. Georgia*, 385 U.S. 545, 550 (1967); *Snowden v. Hughes*, 321 U.S. 1, 8 (1944); *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107, 1113-1114 (11th Cir. 1987), *cert. denied*, 485 U.S. 961 (1988); *Village of Arlington Heights v. Metro. Housing Development Corp.*, 429 U.S. 252, 265-266 (1977). "Mere error or mistake in

judgment ... does not violate the equal protection clause. There must be intentional discrimination [by the defendants].... Even arbitrary administration of [parole regulations], without purposeful discrimination, does not violate the equal protection clause." *E & T Realty*, 830 F.2d at 1114 (citations omitted); *McCleskey v. Kemp*, 481 U.S. 279, 292-293 (1987) (simple disparity of treatment between individuals of different races is insufficient to establish discrimination). "The requirement of intentional discrimination prevents plaintiffs from bootstrapping all misapplications of state [rules and regulations] into equal protection claims. 'Probably no law contrived by man for his own governance ever has had or will be enforced uniformly and without exception. But the Constitution does not demand perfection.'" *E & T Realty*, 830 F.2d at 1114 (citations omitted). Consequently,

> "[p]roof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." *Arlington Heights*, 429 U.S. at 265, 97 S.Ct. 555. Indeed, it is well established that proving intent to discriminate is the essential element of an equal protection claim. *See, e.g.*,; *Hernandez v. New York*, 500 U.S. 352, 359-60, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) ("A court addressing [an equal protection claim] must keep in mind the fundamental principle that 'official action will not be held unconstitutional solely because it results in a racially disproportionate impact.... Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.'" (omission in original) (quoting *Arlington Heights*, 429 U.S. at 264-265, 97 S.Ct. 555)); *Washington v. Davis,* 426 U.S. 229, 240, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); *Johnson v. Bush,* 405 F.3d 1214, 1218 (11th Cir.2005); *Citizens Concerned About Our Children v. Sch. Bd.,* 193 F.3d 1285, 1294 (11th Cir.1999); *Elston v. Talladega County Bd. of Educ.*, 997 F.2d 1394, 1406 (11th Cir.1993); *Mencer v. Hammonds*, 134 F.3d 1066, 1070 (11th Cir.1998); *Parks v. City of Warner Robins*, 43 F.3d 609, 616 (11th Cir. 1995).

*Holton v. City of Thomasville School District*, 425 F.3d 1325, 1348-1349 (11th Cir. 2005).

"'Discriminatory purpose[]' ... implies more than intent as volition or intent as awareness of consequences.... It implies that the decision maker ... selected ... a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Personnel Administrator of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979). In a case such as this one, where the plaintiff challenges actions of state parole officials, exceptionally clear proof of discriminatory intent is required. *Fuller v. Georgia Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988). Where a plaintiff presents no evidence of purposeful discrimination, the law requires entry of summary judgment in favor of the defendants. *McCleskey*, 481 U.S. at 292; *E & T Realty*, 830 F.2d at 1115.

Since this case is before the court on a properly supported motion for summary judgment from the defendants, Taylor bears the burden of producing specific, substantial evidence that the defendants intentionally discriminated against him due to his race. *Arlington Heights*, 429 U.S. at 265; *Wallis v. J. R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994). Purposeful discrimination can be shown either by direct evidence, i.e., admissions of the defendant, or indirectly by way of substantially probative circumstantial evidence. *Arlington Heights*, 429 U.S. at 265-266. A plaintiff, however, cannot rest on conclusory allegations of a constitutional violation to defeat summary judgment nor is "[t]he mere existence of a scintilla of evidence in support of [his] position" sufficient to avoid summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. at 252. Instead, the law is clear that a

plaintiff must present significant probative evidence to preclude summary judgment in favor of the defendants. *Id*. at 249.

Taylor merely alleges the defendants denied him parole based on his race while granting parole to other similarly situated inmates. The defendants correctly observe that Taylor fails to identify any similarly situated white inmate who received differential treatment. The defendants also adamantly deny they undertook any action in Taylor's parole consideration process based on his race and further argue that the denial of parole to Taylor occurred because, in their opinion, no grounds existed justifying Taylor's release on parole. Taylor has utterly and completely failed to present any evidence, significantly probative or otherwise, that race or some other constitutionally impermissible factor constituted a motivating factor in the actions of the defendants about which he complains. The allegations presented by Taylor do not countenance an inference of discriminatory intent. Moreover, to the extent Taylor bases his complaint on possible disparate treatment of inmates, the law is well settled that the showing of a disparate impact upon inmates is insufficient to demonstrate an equal protection violation. *E & T Realty*, 830 F.2d at 1114-1115; *Horner v. Kentucky High School Athletic Ass'n*, 43 F.3d 265, 276 (6th Cir. 1994). Additionally, the arbitrary application of administrative rules by state officials does not run afoul of the Constitution. *E & T Realty*, 830 F.2d at 1114.

Taylor simply presents a conclusory legal assertion that the actions undertaken by the defendants in his parole consideration process resulted from racial discrimination.

Thus, Taylor utterly and completely fails to meet his burden as he has offered no evidence identifying any other similarly situated inmate who received more favorable treatment from the defendants, *Brunskill v. Boyd*, 141 Fed.Appx. 771, 776 (11th Cir. 2005), or that the defendants subjected him to adverse treatment based on some constitutionally impermissible reason. Furthermore, the undisputed evidentiary materials before the court demonstrate that parole board members refused to grant Taylor parole based on their determination, after reviewing his records, that he did not deserve release into society. In light of the foregoing, summary judgment is due to be granted in favor of the defendants on this claim.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The defendants' motion for summary judgment be granted.

2. Judgment be entered in favor of the defendants.

3. The costs of this proceeding be taxed against the plaintiff.

4. This case be dismissed with prejudice.

It is further

ORDERED that on or before November 13, 2007 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 31st day of October, 2007.

      /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE